J. Curtis Edmondson (CSB 236105)
Edmondson IP Law
15490 NW Oak Hills Dr.
Beaverton, OR 97006
503-336-3749/
FAX: (503) 482-7418
jcedmondson@edmolaw.com

*Attorney for Defendant*
JOHN DOE subscriber assigned IP address 75.11.10.30

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br> Plaintiff, <br><br> vs. <br><br> John Doe subscriber assigned <br> IP address 75.11.10.30 <br><br> Defendant. | **Case No.:  3:21-cv-03456-AGT** <br><br> **NOTICE OF MOTION AND MOTION TO QUASH THE AMENDED COMPLAINT** <br><br> **FRCP 12(b)(5)** <br><br> **Complaint Filed:** 5/8/2021 <br> **Assigned to:** Magistrate Judge Alex G. Tse <br> Hearing Date  February 25, 2022 |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT,** pursuant to Local Civil Rule 7-2, on Friday February 25,, 2022, at10:00 a.m. before the Honorable Magistrate Judge Alex G. Tse in Courtroom A,15th Floor**,** of the United States District Court for Northern District of California in the San Francisco Courthouse at 450 Golden Gate Avenue, San Francisco, CA 94102,

John Doe subscriber assigned IP address 75.11.10.30 aka "JOHN DOE infringer identified as using IP address 75.11.10.30[1]", moves under Federal Rule of Civil Procedure 12(b)(5) to quash service because Strike 3 Holdings, LLC ("Strike 3") failed to properly served required papers as listed on the proof of service, instead served three complaints, two from this Court on one from the District of Columbia.  More importantly, Strike 3 failed to serve the operative unredacted complaint as is required under FRCP 5.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations and Exhibits attached thereto, all records and papers filed in this action, and on such oral argument and submissions that may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

To avoid confusion at the outset, there are and have been two party-defendant's in this case.

1) "John Doe subscriber assigned IP address 75.11.10.30" who was originally alleged to have downloaded Strike 3's Works (ECF 1, 1-1). Lets call her "Jane Doe Subscriber". She is the account holder for the ISP.  (See ECF 1-15).

2) "John Doe infringer identified as using IP address 75.11.10.30" who then was to be served the unredacted summons (but was not).  Let's call him "John Doe User".  (ECF 16-

The distinction is made, not as admission that either Jane Doe Subscriber or John Doe User committed the alleged infringements, rather, there are distinct individuals as alleged defendants.

### I.   INTRODUCTION, SUMMARY, AND RELIEF SOUGHT

How Strike 3 got to the point of improper service is a procedural mess.  Either the ISP failed to give notice, or Strike 3 somehow surreptitiously obtained the subscribers account information. But the basic fact remains that Jane Doe Subscriber was never alerted to her account information being released by the ISP contrary to law.

---

[1] Strike 3 Holdings, recaptioned the pleadings at ECF ___.   The Clerk has never recaption the docket.

Then Strike 3 failed to move for amendment of the pleadings under Rule 15 or Rule 21 without giving notice to Jane Doe Subscriber as is required under Rule 5. Then Strike 3 swapped in a new and different party without formal motion under Rule 15 or Rule 21. This was accomplished by attached a proposed amended complaint with a different caption. John Doe User was never served with the operative unredacted complaint but was served with a jumble of papers, including a Strike 3 Complaint from the District of Columbia. John Doe User did not get the unredacted first amended complaint with the unredacted summons.

This case requires that a "reset" button be pressed and this case dismissed without prejudice. Given the fact the Strike 3 is largest filer of copyright lawsuit, garnering from 18M to 180M in gross settlement revenues[2], there is little burden on Strike 3 to properly follow this Court's process and procedures, refile this case, and then re-serve.

John Doe User and/or Jane Doe Subscriber respectfully request that this Court dismiss the Amended Complaint without prejudice.
.
**II. RELEVANT FACTS**

Strike 3 filed their complaint on May 8, 2021. (Complaint at ECF 1). The Complaint clearly alleges that "JANE DOE Subscriber" committed copyright infringement. See Complaint, Caption "JOHN DOE subscriber assigned IP address 75.11.10.30,", Preamble "; Defendant, John Doe subscriber assigned IP address 75.11.10.30 ("Defendant"),"; ¶4 "Defendant is, in a word, stealing these works on a grand scale", ¶5 Defendant attempted to hide this theft; etc. The complaint connects "JANE DOE Subscriber" to "Defendant" 45 times in the pleading[3].

Strike 3 then moved for early discovery on May 20, 2021. (ECF 8, 8-1, 8-2). Like in the Complaint, Strike 3's motion for early discovery and accompany declarations clearly stated that

---

[2] Strike 3 has filed over 6,000 federal cases with settlement amounts that range from roughly 3K to 30K and has used the template in almost all of their cases and clearly believes the account holder is the infringer.

[3] The Complaint contains irrelevant and unnecessary information not required to plead a claim for copyright infringement. Rule 1, Rule 8.

the identity of the JANE DOE Subscriber was required for relief. On May 21, 2021, this Court granted the Ex-Parte motion allowing a subpoena to be served on the ISP. (ECF 9).

At this point is unknown if Strike 3 served a summons on the ISP or ever received a summons for the release of subscriber information.

On July 19, 2021[4], Strike 3 moved for an extension of time to serve the ISP with this Court's subpoena. (ECF 11). It is unclear from Strike 3 counsel's declaration whether the subpoena was actually served on the ISP. Although the statement is made ". Plaintiff issued the subpoena on or about May 24, 2021.." (ECF 11,¶2) there is no affirmative statement that the subpoena was served on the ISP. This Court issued the Order allowing for the extension of time on the same day. ECF 12.

The ISP never gave notice to Jane Doe Subscriber that her account information was going to be release.

Then 2 and ½ months passed. On October 5, 2021, Strike 3 moved for a second extension of time. In that Motion Strike 3 alleged receiving information from the ISP on July 19, 2021. (ECF 13). But Strike 3 has stated on July 19, 2021 that it had not received the ISP information. (ECF 11). The Account holder for the ISP is JANE DOE Subscriber who was the "Defendant' in the Complaint".

In his declaration at ECF 13, ¶7, Strike 3's counsel made this declaration:

"**Plaintiff identified the subscriber as the true infringer/Defendant**" ECF 13,

Further, Strike 3's counsel stated at ECF 13,

"**…to effectuate service of the summons and Complaint on Defendant..**"

---

[4] It takes less than a day to prepare and serve a subpoena. It seems unusual that the legal department of an ISP would not respond for over two months. Like all Strike 3 declarations, this one is templated and devoid of any substantive facts, (when the ISP was served, who was served, communications with the ISP, etc. ).

This Court issued an Order at ECF 14 for "Plaintiff shall have until December 4, 2021 to effectuate service of a summons and Complaint on <u>Defendant</u> and …". The Defendant was clearly <u>JANE DOE Subscriber</u> . Strike 3 did not comply with this Order.

At this point, Strike 3 should have served the Summons and Complaint on <u>Jane Doe Subscriber</u> who was the party in this case. Strike 3 did not comply with this Court's order.

Strike 3 then did something very unusual, interesting, and against the local rules. (ECF 16) It then filed an "administrative motion" L.R. 7-11. L.R. 7-11 states:

> The Court recognizes that during the course of case proceedings a party may
> require a Court order with respect to <u>miscellaneous administrative matters</u>, not
> otherwise governed by a federal statute, Federal Rule, local rule, or standing order
> of the assigned Judge

Strike 3 then attached an amended complaint naming a completely different party. (see Exhibit 16-3). This is not an" administrative motion" as an amended pleading with a different party is hardly "administrative". Strike 3 did not move under Rule 15, in conjunction with Rule 41, to dismiss and add a new party; or alternately under Rule 21 to substitute parties.

Also, at this point, Strike 3 also knew the identity <u>JANE DOE Subscriber</u> but failed to send her notice of this motion. This failure to provide <u>JANE DOE Subscriber</u> with notice of the administrative motion or any motion deprived of her right to fully participate in this case.

Since this document was filed as an "administrative motion" it is unclear if the Court had notice that substantive changes were being made the pleadings. The Court docket caption indicates this Court had no notice of substantive changes to the complaint.

On November 29 2021, <u>John Doe User</u> was served with a jumble of papers including two complaints from this Court and a complaint from the District of Columbia. (Sensitive information has been redacted). Declaration of <u>John Doe User and Exhibit 1 attached hereto.</u>

On December 3,2021, the Proof of Service (ECF 22, 23) was filed and falsely stated what is served on <u>John Doe User.</u>

I served copies of the Summons in a Civil Action; First Amended Complaint – Unredacted; First Amended Complaint – [Redacted Version] Complaint Civil Cover Sheet; Order On Ex-Parte Application For Leave To File Unredacted Versions Of Plaintiff's First Amended Complaint, Proposed Summons, And Return Of Service Under Seal; Consent Or Declination To Magistrate Judge Jurisdiction; Certificate Of Interested Entities Or Persons; Notice Of Filing Rule 7.1 Disclosure Statement; Order On Ex Parte Application For Leave To Serve Third-Party Subpoena Prior To A Rule 26(F) Conference; Order On Plaintiff's Second Ex-Parte Application For Extension Of Time Within Which To Effectuate Service On John Doe Defendant And For Continuance Of The Initial Case Management Conference; Order On Plaintiff's Ex-Parte Application For Extension Of Time Within Which To Effectuate Service On John Doe Defendant And For Continuance Of The Initial Case Management Conference; Order Setting Initial Case Management Conference and ADR Deadlines

On January 13, 2021 this motion was filed to quash and dismiss under Rule 12(b)(5).

**III.   ARGUMENT**

**A. The Court should Quash Service and Dismiss the Case under *Anunciation v. West Capital Financial Services Corp.*, (9th Cir. 1996) 97 F.3d 1458.**

In *Anunciation,* the Court was faced with the situation where the Plaintiff failed to serve the amended summons but did serve the amended complaint.   The Anunciation Court ruled that that under Rule 4, "…failure to serve the defendant with a summons at all, cannot be considered "substantial compliance" with the rule…".   Rule 4 states:

> (c) Service.   (1) *In General.* A summons must be served with <u>a copy of the complaint</u>. The plaintiff is responsible for having the <u>summons and complaint</u> served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

<u>John Doe User</u> was not served with a copy of the unredacted complaint.  <u>John Doe User</u> was served with <u>redacted</u> copy of the Compliant.   The burden is on Strile 3  to demonstrate why there was not justifiable excuse for the service. . *Daly-Murphy v. Winston* (9th Cir.1988) 837 F.2d 348, 355 n. 4.   Here the is no justifiable excuse.   Strike 3 not only failed to deliver all of the papers provided as indicated in the proof of service· they delivered a copy of an unredacted complaint for

the District of Columbia. This suggests that a third party is handling the litigation and filings, not Strike 3's counsel for San Francisco and the District of Columbia.

The party served needs complete copy of the complaint to make an informed decision as to whether to answer or simply allow the case to proceed to default. In this particular case, Strike 3 has alleged numerous infringements, but has only linked one infringement to the particular IP address. Further Strike 3 may not be able to demonstrate on prove-up that an alleged infringer downloaded any of the movies by their own evidence. A complaint are just allegations, they are not facts, and Strike 3 still has the burden of proof on the facts at prove-up. John Doe may well decide to allow the case to proceed to default on one potentially provable instance of infringement.

This is important here since the Process Server only served a partial set of Exhibit 1 to the Amended Complaint (See Ex. 1, pages 42-43). John Doe is served with a Amended Complaint that is not only redacted but inconsistent with Exhibit 1. From what was served on John Doe, he is only liable for 17 infringements based on the Exhibit A that was served. This incomplete service violates the requirement of Rule 4 which requires both a summons and a complaint.

In view of this the Court should quash the summons and complaint and dismiss the complaint without prejudice. There would be no prejudice to Strike 3 since they produce lawsuits like they produce "Award Winning Movies"[5,6].

**B. The Court should Quash Service and Dismiss the Case for failing to follow the local rules and not providing Jane Doe Subscriber with notice of motions once they had knowledge of her identity..**

The Court has equitable powers to control and manage their docket that will not be disturbed unless for an abuse of discretion. *Chambers v. NASCO, Inc.,* (1991) 501 U.S. 32, 43. Here, Strike 3 clearly has made a number of overt false representations that are obvious on close inspection of

---

[5] Strike 3 has filed over 1000 copyright registrations (see www.copyright.gov) with such "award winning" titles as "Addicted to BBC" and "Between Besties". These "movies" costs less than $10,000.00 to make and 2 or 3 can be produced in a day.

[6] Strike 3 takes no meaningful steps to deter infringement, importantly, they do not send DMCA notices to the ISP complaining about infringement of their works. This is contrasted with every other movie studio.

the docket. In particular, Strike 3 represented to this Court that it intended to serve the "Defendant" (Jane Doe Subscriber) at ECF 13, Strike 3 asked for a second extension of time, despite having already received the information form the ISP. (Compare ECF 11 with ECF 13). Then Strike 3 made an "administrative motion" which was clearly a motion required under the Federal Rules and failed to serve Jane Doe Subscriber with this motion. This is not only procedural gamesmanship to get around serving Jane Doe Subscriber who was initially identified by Strike 3's inhouse developed VXN "forensic" computerized system, it also denied her the right to participate in this action.

Strike 3's actions before this Court warrant a dismissal with prejudice.

### C. The Court should Quash Service and Dismiss the Case for Strike 3 failing to serve within 90 days under Rule 4(m)

Strike 3's case should also be dismissed under Rule 4(m) for failing to serve within 90 days. What is clear from the docket is that Strike 3 had Jane Doe Subscriber's name on July 19, 2021 and should have served by October 17, 2021. But for Strike 3's misrepresentations to this Court, Jane Doe Subscriber would have been served within the time limits.

Strike 3's case should be dismissed without prejudice under Rule 4(m) since Strike 3 clearly could have served Jane Doe within 90 days.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Court quash and dismiss the Amended Complaint without prejudice or in the discretion of the Court (in view of the equities) a dismissal with prejudice.

Respectfully submitted,

Dated: January 10, 2022		/s/ J. Curtis Edmondson
J. Curtis Edmondson (CA # 236105)
Edmondson IP Law
jcedmondson@edmolaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this January 10, 2022, a true and accurate copy of the above and foregoing Motion to Quash was filed with the District Court's CM/ECF system, which provides service to all counsel of record.

Dated January 10, 2022                           By: /s/ *J. Curtis Edmondson*
                                                                    J. Curtis Edmondson